MAY 1 6 2008

**FILED**

JN  MAY 1 6 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTY ANTONETTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 08cv2850 |
| ) | JUDGE DOW |
| ) | MAG. JUDGE BROWN |
| NEW WORLD VAN LINES, LTD. LLP, ) | |
| and NEW WORLD VAN LINES, INC. ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTY ANTONETTI, by his undersigned attorneys, and complaining of the Defendants, NEW WORLD VAN LINES, LTD. LLP. and NEW WORLD VAN LINES, INC., states as follows:

### COUNT I

#### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*, ("FLSA").

#### II JURISDICTION AND VENUE.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. Sec. 1331 as it concerns a federal question under FLSA. 29 U.S.C. Sec. 201 *et seq.*

3. Venue in this judicial district is proper under 28 U.S.C. Sec. 1391(b)(1)(2) because

1

the acts complained of took place within the territorial boundaries of this district and division in the State of Illinois. Further, Defendants New World Van Lines Ltd, LLP and New World Van Lines' headquarters are located within the territorial boundaries of this district and division in the State of Illinois.

### III. PARTIES AND JURY DEMAND

4. Defendant New World Van Lines Ltd LLP is a limited partnership organized under the State of Illinois.

5. Defendant New World Van Lines, Inc. is a corporation organized under the laws of the State of Illinois.

6. The Plaintiff Christy Antonetti was employed as a surveyor by Defendants for moving jobs to be performed by Defendants. At all time relevant to this complaint, plaintiff was over age 20.

7. Plaintiff demands a jury trial.

### IV. CAUSE OF ACTION

8. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b) as an action to collect for unpaid compensation.

9. Defendants at all times relevant was engaged in the business of moving furniture and other personal property both locally and across state lines and, as such, was an "employer" within the meaning of that term in 29 U.S.C. Sec. 203 (d).

10. For over 20 years, Plaintiff was employed by Defendants to survey moving jobs for Defendants at locations within a radius of approximately 200 miles of Chicago; as such, he was

2

an "employee" within the definition of that term as used in 29 U.S.C. Sec. 203(e).

11. Plaintiff did not supervise any employees during at least the last three years of his employment with the Defendants. Plaintiff was not a professional, administrative or executive employee of either of the defendants during the three years preceding this action..

12. Plaintiff was entitled to hourly compensation from the Defendants under the Fair Labor Standards Act at the regular rate of compensation plus 1 ½ times the regular rate for hours in excess of 40 per week.

13. For the performance of his work, Plaintiff often was required to work more than forty (40) hours per week.

14. Regardless of the amount of time which plaintiff worked, Defendants paid Plaintiff a fixed amount for each week of work and thereby failed to compensate Plaintiff for such work in excess of 40 hours at a rate not less than one and one-half times the regular rate, contrary to the provisions of Section 7(a) of the F. L. S. A. (29 U.S.C. Section 207(a)).

15. Plaintiff has worked over 600 hours in overtime in the prior three years.

16. On May 1, 2008, Plaintiff mailed a written demand to Defendants in the amount of $18,939.56 for the back pay due, which demand remained unpaid as of the date of filing of this action. Said demand was also sent by fax to the defendants on May 2, 2008.

17. Pursuant to 29 U.S. C. Sec 216(b), Defendants New World Van Lines Ltd, LLP and New World Van Lines, Inc. are liable to Plaintiff for overtime pay at the rate of one and a half times the ordinary rate of pay plus an equal amount as liquidated damages plus reasonable attorneys fees and costs.

18. The conduct of Defendants in failing to pay the lawful compensation was a wilful

violation of the act as set forth in 29 U.S.C. Sec. 255 in that Defendant knew or should have known that the pay practice described above violates the FLSA,

WHEREFORE, the Plaintiff Christy Antonetti prays this court to enter judgment in his favor and against Defendant New World Van Lines, Ltd. LLP for the following:

a. an award of back pay equal to the amount of all unpaid overtime compensation at the rate of one and a half times the ordinary rate for the prior three years plus an additional equal amount as liquidated damages;

b. an award of reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. Sec. 216(b);

c. Such other and further relief as this Court deems just and appropriate.

## COUNT II

### I. NATURE OF THIS ACTION

1. This action is brought pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

### II JURISDICTION AND VENUE.

2. Supplementary Jurisdiction over this cause is conferred by 28 U.S. C. Sec. 1367

3. The plaintiff incorporates by reference the allegation of Paragraph 3 of Count I as and for Paragraph 3 of Count II as though fully set out and re-alleged herein.

### III PARTIES AND JURY DEMAND

4-7. The Plaintiff incorporates the allegations of Paragraphs 4, 5, 6 and 7 of Count I of this Complaint as though fully set out and re-alleged herein as paragraphs 4 through 7 of this Count II.

## IV CAUSE OF ACTION

8. This cause is brought pursuant to the Illinois Wage Payment and Collection Act.

9. For over 20 years, Plaintiff was employed by Defendants to survey moving jobs for Defendant at locations within a radius of approximately 200 miles of Chicago; as such he was an "employee" within the definition of that term as used in 820 ILCS 115/2 and 29 U.S.C. Sec. 203(e).

10. Plaintiff did not supervise any employees during at least the last five years of his employment with the Defendants. Plaintiff was not a professional, administrative or executive employee of either of the defendants during the five years preceding this action.

11. Plaintiff was entitled to hourly compensation from the Defendants under the Illinois Wage Payment and Collection Act at the regular rate of compensation plus 1 ½ times the regular rate for hours in excess of 40 per week.

12. Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS Sec. 115/2 defines "wages" as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the parties...".

13. As an employment agreement within the purview of the Fair Labor Standards Act (FLSA), the relevant portions of which are part of the agreement, the compensation owed for over time work was one and a half times the regular rate pursuant to Section 7(a) of the FLSA, 29 U.S.C. Sec. 207(a)

14. Regardless of the amount of time which Plaintiff worked, for the five years prior to suit, Defendants paid Plaintiff a fixed amount for each week of work and thereby failed to

compensate Plaintiff for such work in excess of 40 hours at a rate not less than one and one-half times the regular rate, contrary to the provisions of Section 7(a) of the F. L. S. A. (29 U.S.C. Section 207(a)).

15. Section 4 of the Illinois Wage Payment and Collection Act. 820 ILCS. 115/4 provides that every employer shall pay "all wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employer not later than 13 days after the end of the pay period in which such wages were earned."

16. Section 5 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

17. On May 1, 2008, Plaintiff mailed a written demand to Defendants in the amount of $18,939.56 for the back pay due, which demand remained unpaid as of the date of filing of this action. Said demand was also sent by fax to the defendants on May 2, 2008.

18. Defendants' failure to pay earned overtime wages to Plaintiff within the times specified under Sections 4 and 5 of the Illinois Wage Payment and Collection Act constitutes a violation of Sections 4 and 5 of the Illinois Wage Payment and Collection Act, 820 ILCS Secs. 115/4 and 115/5 entitling Plaintiff to all wages improperly withheld.

19. Defendant's failure to pay was willful.

WHEREFORE, Plaintiff Christy Antonetti prays this court to enter judgment in his favor and against the Defendants New World Van Lines, Ltd, LLP and New World Van Lines, Inc. for the following:

    a. an award of back pay equal to the amount of all unpaid overtime compensation at the rate of one and a half times the ordinary rate for the five years prior to suit plus interest;

    b. an award of punitive damages as provided under 820 Ill. Comp. Stat.105/12 and 56 Ill Admin Code Tit. 210, Sections 1000-1010.

    c. an award of reasonable attorney's fees pursuant to 705 ILCS 225/0.01 and the costs of this action;

    d. Such other and further relief as this Court deems just and appropriate.

CHRISTY ANTONETTI

By: _____
JOHN F. O'MEARA

By: _____
CHARLES DRAKE BOUTWELL

JOHN F. O'MEARA
2417 N. Washtenaw Avenue
Chicago, Illinois 60647
(773) 252-0788

CHARLES DRAKE BOUTWELL
3075 Plum Island Drive
Northbrook, Illinois 60062
(847) 272-2126

7