IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTY ANTONETTI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEW WORLD VAN LINES, LTD. LLP, ) <br> and NEW WORLD VAN LINES, INC. ) <br> ) <br> Defendants. ) | Case No.  08 C 2850 <br><br> Judge Robert M. Dow Jr. |

**ANSWER AND ADDITIONAL DEFENSES TO COMPLAINT**

Defendants, New World Van Lines, LTD. LLP and New World Van Lanes, Inc. ("Defendants"), by and through their undersigned counsel, hereby submit their Answer and Additional Defenses in response to Plaintiff's Complaint as follows:

**COUNT I**

**NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*, ("FLSA").

**ANSWER**:   Defendants admit only that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 201 *et seq.*, but deny any and all allegations of wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever.

**JURISDICTION AND VENUE**

2. This court has jurisdiction over this case pursuant to 28 U.S.C. Sec. 1331 as it concerns a federal question under FLSA [sic].  29 U.S.C. Sec. 201 *et seq*.

**ANSWER:** Defendants acknowledge that Plaintiff asserts various bases for and conclusions concerning jurisdiction, to which no answer is required, but deny any and all allegations of

wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. To the extent a response is required, Defendants admit the allegations in Paragraph 2.

3. Venue in this judicial district is proper under 28 U.S.C. Sec. 1391(b)(1)(2) because the acts complained of took place within the territorial boundaries of this district and division in the State of Illinois. Further, Defendants, New World Van Lines Ltd, LLP and New World Van Lines' [sic] headquarters are located within the territorial boundaries of this district and division in the State of Illinois.

**ANSWER**: Defendants acknowledge that Plaintiff asserts various bases for and conclusions concerning venue, to which no answer is required, but deny any and all allegations of wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. To the extent a response is required, Defendants admit the allegations in Paragraph 3.

## PARTIES AND JURY DEMAND

4. Defendant New World Van Lines Ltd. LLP is a limited partnership organized under the State of Illinois.

**ANSWER**: Defendants admit the allegations in Paragraph 4.

5 Defendant New World Van Lines, Inc. is a corporation organized under the law of the State of Illinois.

**ANSWER**: Defendants admit the allegations in Paragraph 5.

6. The Plaintiff Christy Antonetti was employed as a surveyor by Defendants for moving jobs to be performed by Defendants. At all times relevant to this complaint, plaintiff was over the age 20.

**ANSWER**: Defendants admit the allegations in Paragraph 6.

7. Plaintiff demands a jury trial.

**ANSWER**: Defendants admit the allegations in Paragraph 7.

## CAUSE OF ACTION

8. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b) as an action to collect for unpaid compensation.

**ANSWER**:  Defendants admit that Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), but deny any and all allegations of wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever.

9.  Defendants at all times relevant was [sic] engaged in the business of moving furniture and other personal property both locally and across state lines and, as such, was an "employer" with the meaning of that term in 29 U.S.C. Sec. 203(d).

**ANSWER**: Defendants admit the allegations in Paragraph 9.

10.  For over 20 years, Plaintiff was employed by Defendants to survey moving jobs for Defendants at locations within a radius of approximately 200 miles of Chicago; as such, he was an "employee" within the definition of that term as used in 29 U.S.C. sec. 203(e).

**ANSWER**: Defendants admit the allegations in Paragraph 10.

11.  Plaintiff did not supervise any employees during at least the last three years of his employment with the Defendants.  Plaintiff was not a professional, administrative or executive employee of either of the defendants during the three years preceding this action.

**ANSWER**:  Defendants admit Plaintiff did not supervise any employees during the last three years of his employment with Defendants.  Defendants deny the remaining allegation in Paragraph 11.

12.  Plaintiff was entitled to hourly compensation from the Defendants under the Fair Labor Standards Act at the regular rate of compensation plus 1 ½ times the regular rate for hours in excess of 40 per week.

**ANSWER**:  Defendants deny the allegations in Paragraph 12.

13.  For the performance of his work, Plaintiff often was required to work more than forty (40) hours per week.

**ANSWER**:  Defendants admit only that, on occasion during the course of his employment, Plaintiff sometimes worked more than forty (40) hours in a given week.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.  Regardless of the amount of time which plaintiff worked, Defendants paid Plaintiff a fixed amount for each week of work and thereby failed to compensate Plaintiff for

such work in excess of 40 hours at a rate not less than one and one-half times the regular rate, contrary to the provision of Section 7(a) of the F.L.S.A. (29 U.S.C. Section 207(a)).

**ANSWER**:   Defendants admit that Plaintiff was paid a fixed salary as an administrative employee under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.).  Defendants deny the remaining allegations in paragraph 14.

15.  Plaintiff has worked over 600 hours in overtime in the prior three years.

**ANSWER**:  Defendants deny the allegations in Paragraph 15.

16.  On May 1, 2008, Plaintiff mailed a written demand to Defendants in the amount of $18,939.56 for back pay due, which demand remained unpaid as of the date of filing of this action.  Said demand was also sent by fax to the defendants on May 2, 2008.

**ANSWER**:   Defendants admit receiving a written demand letter dated May 1, 2008 from Plaintiff.  Defendants admit receiving a fax of this same letter on May 2, 2008.  Defendants admit that Plaintiff's back pay demand remained unpaid as of the time of the filing of the action.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 16.

17.  Pursuant to 29 U.S.C. Sec. 216(b), Defendants New World Van Lines Ltd, LLP and New World Van Lines, Inc. are liable to Plaintiff for overtime pay at the rate of one and a half times the ordinary rate of pay plus an equal amount as liquidated damages plus reasonable attorneys fees and costs.

**ANSWER**:  Defendants deny the allegations in Paragraph 17.

18.  The conduct of Defendants in failing to pay the lawful compensation was a wilful [sic] violation of the act as set forth in 29 U.S.C. Sec. 255 in that Defendants knew or should have known that the pay practice described above violated the FLSA.

**ANSWER**:  Defendants deny the allegations in Paragraph 18

WHEREFORE, Plaintiff, Christy Antonetti, prays that this court to enter judgment in his favor and against the Defendants New World Van Lines, Ltd, LLP and New World Van Lines, Inc. for the following:

    a.    an award of back pay equal to the amount of all unpaid overtime compensation at the rate of one and a half times the ordinary rate for the prior three years plus an additional equal amount as liquidated damages:

4

  b. an award of reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. Sec. 216(b);

  c. Such other and further relief as this Court deems just and appropriate.

**ANSWER**: Defendants deny the allegations in the unnumbered "WHEREFORE" Paragraph, whether express or implied. Defendants also deny that Plaintiff is entitled to the relief requested in the "WHEREFORE" Paragraph and further deny that Plaintiff is entitled to any relief whatsoever.

COUNT II

NATURE OF THIS ACTION

  1. This action is brought pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

**ANSWER**: Defendants admit that Plaintiff brings this action pursuant to 820 ILCS 115/2 but deny any and all allegations of wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever.

  2. Supplementary jurisdiction over this cause is conferred by 28 U.S.C. Sec. 1367.

**ANSWER**: Defendants acknowledge that Plaintiff asserts various bases for and conclusions concerning jurisdiction, to which no answer is required, but deny any and all allegations of wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. To the extent a response is required, Defendants admit the allegations in Paragraph 2.

  3. The plaintiff incorporates by reference the allegation of Paragraph 3 of Count I as and for Paragraph 3 of Count II as though fully set out and re-alleged herein.

**ANSWER**: Defendants restate and incorporate herein the answers to Paragraph Three (3) of Count I as if fully set forth herein.

  4-7. The plaintiff incorporates the allegations of Paragraphs 4, 5, 6 and 7 of Count I of this Complaint as though fully set out and re-alleged herein as paragraphs 4 through 7 of this Count II.

**ANSWER**: Defendants restates and incorporates herein the answers to Paragraphs Four (4) through Seven (7) of Count I as if fully set forth herein.

## CAUSE OF ACTION

8. This cause is brought pursuant to the Illinois Wage Payment and Collection Act.

**ANSWER**: Defendants admit the allegations in Paragraph 8, but deny any and all allegations of wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever.

9. For over 20 years, Plaintiff was employed by Defendants to survey moving jobs for Defendants at locations within a radius of approximately 200 miles of Chicago; as such he was an "employee" within the definition of that term as used in 820 ILCS 115/2 and 29 U.S.C. Sec. 203(e).

**ANSWER**: Defendants admit the allegations in Paragraph 9.

10. Plaintiff did not supervise any employees during at least the last five years of his employment with the Defendants. Plaintiff was not a professional, administrative or executive employee of either of the defendants during the five years preceding this action.

**ANSWER**: Defendants admit Plaintiff did not supervise any employees during the last five years of his employment with Defendants. Defendants deny the remaining allegation in Paragraph 10.

11. Plaintiff was entitled to hourly compensation from the Defendants under the Illinois Wage Payment and Collection Act at the regular rate of compensation plus 1 ½ times the regular rate for hours in excess of 40 per week.

**ANSWER**: Defendants deny the allegations in Paragraph 28.

12. Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS Sec. 115/2 defines "wages" as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the parties...".

**ANSWER**: Defendants admit the allegations in Paragraph 12, but deny Plaintiff is entitled to any unpaid wages whatsoever.

13. As an employment agreement within the purview of the Fair Labor Standards Act (FLSA), the relevant portions of which are part of the agreement, the compensation owed for over time [sic] work was one and a half times the regular rate pursuant to Section 7(a) of the FLSA, 29 U.S.C. Sec. 207(a).

**ANSWER**: Defendants deny the allegations in Paragraph 13.

14. Regardless of the amount of time which Plaintiff worked, for the five years prior to suit, Defendants paid Plaintiff a fixed amount for each week of work and thereby failed to compensate Plaintiff for such work in excess of 40 hours at a rate not less than one and one-half times the regular rate, contrary to the provisions of Section 7(a) of the F.L.S.A. (29 U.S.C. Section 207 (a)).

**ANSWER**: Defendants admit that Plaintiff was paid a fixed salary as an administrative employee under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.). Defendants deny the remaining allegations in paragraph 14.

15. Section 4 of the Illinois Wage Payment and Collection Act. [sic] 820 ILCS. 115/4 provides that every employer shall pay "all wages earned by any employee during a semi-monthly or bi-weekly period shall be paid to such employer [sic] not later than 13 days after the end of the pay period in which such wages were earned."

**ANSWER**: Defendants admit the allegations in Paragraph 15, but deny Plaintiff is entitled to any unpaid wages whatsoever.

16. Section 5 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

**ANSWER**: Defendants admit the allegations in Paragraph 16 but deny Plaintiff is entitled to any unpaid compensation whatsoever.

17. On May 1, 2008, Plaintiff mailed a written demand to Defendants in the amount of $18,939.56 for the back pay due, which demand remained unpaid as of the date of filing of this action. Said demand was also sent by fax to the defendants on May 2, 2008.

**ANSWER**: Defendants admit receiving a written demand letter dated May 1, 2008 from Plaintiff. Defendants admit receiving a fax of this same letter on May 2, 2008. Defendants

7

admit that Plaintiff's back pay demand remained unpaid as of the time of the filing of the action. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants' failure to pay earned overtime wages to Plaintiff within the times specified under Sections 4 and 5 of the Illinois Wage Payment and Collection Act constitutes a violation of Sections 4 and 5 of the Illinois Wage Payment and Collection Act, 820 ILCS Secs. 115/4 and 115/5 entitling Plaintiff to all wages improperly withheld.

**ANSWER**: Defendants deny the allegations in Paragraph 18.

19. Defendants' failure to pay was willful.

**ANSWER**: Defendants deny the allegations in Paragraph 19.

WHEREFORE, Plaintiff, Christy Antonetti, prays that this court to enter judgment in his favor and against the Defendants New World Van Lines, Ltd, LLP and New World Van Lines, Inc. for the following:

a. an award of back pay equal to the amount of all unpaid overtime compensation at the rate of one and a half times the ordinary rate for the five years prior to suit plus interest.
b. an award of punitive damages as provided under 820 Ill. Comp. Stat. 105/12 and 56 Ill. Admin. Code Tit. 210, Sections 1000-1010.
c. an award of reasonable attorney's fees pursuant to 705 ILCS 225/0.01 and the costs of this action;
d. Such other and further relief as this Court deems just and appropriate.

**ANSWER**: Defendants deny the allegations in the unnumbered "WHEREFORE" Paragraph, whether express or implied. Defendants also deny that Plaintiff is entitled to the relief requested in the "WHEREFORE" Paragraph and further deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As its First Defense, Defendants state that Plaintiff has failed to state a claim upon which relief can be granted under the Illinois Wage Payment and Collection Act, 820 ILCS 115/2, as to Count II of his Complaint.

### SECOND AFFIRMATIVE DEFENSE

8

As its Second Defense, Defendants state that Plaintiff was an exempt employee of Defendants.

**THIRD AFFIRMATIVE DEFENSE**

As its Third Affirmative Defense, Defendants state that Plaintiff never entered into an agreement with Defendants to pay wages, and Plaintiff has failed to base his purported claim for wages under the Illinois Wage Payment and Collection Act, 820 ILCS 115/2, on any agreement or contract.

**ADDITIONAL DEFENSE**

Defendants reserve the right to assert any other defenses or matters in avoidance of Plaintiff's claim which may become appropriate as discovery proceeds in this case.

**WHEREFORE**, Defendants, New World Van Lines, LTD. LLP and New World Van Lanes, Inc., respectfully requests that the Court enter an order dismissing the Complaint in its entirety, entering an order of judgment in its favor, including an order for its attorney's fees and costs associated herewith.

NEW WORLD VAN LINES LTD. LLP,
and NEW WORLD VAN LINES, INC.

By:   /s/Jason D.Frazer
       One of Defendants' Attorneys

Kevin M. Cloutier
Jason D. Frazer
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 588-5700
kcloutier@winston.com
jfrazer@winston.com

## **CERTIFICATE OF SERVICE**

I certify that on the 15th day of July, 2008, I caused a copy of Defendants' Answer and Additional Defenses to Plaintiff's Complaint to be sent to Plaintiff through the Court's electronic filing system:

**TO:**

| | |
|---|---|
| John F. O'Meara | Charles Drake Boutwell |
| 2417 N. Washtenaw Avenue | 3075 Plum Island Drive |
| Chicago, IL 60647 | Northbrook, IL 60062 |

    /s/Jason D.Frazer
One of Defendants' Attorneys